**Ellis Roland PARKER, Jr., Petitioner,**

v.

**Hon. John P. HAYES, Judge, Jefferson Circuit Court, Criminal Branch-Second Division, Respondent.**

Court of Appeals of Kentucky.

March 5, 1971.

Ellis Roland Parker, pro se.

MILLIKEN, Chief Justice.

The petitioner, imprisoned in Virginia, sought trial of an indictment against him in Kentucky and was denied relief. He now seeks to have the Kentucky indictment dismissed on the ground that the delay in affording him trial has caused him "to lose some of his possible defense * * *", but he does not specify in what manner he is so affected. The detainer against him which was filed in Virginia by Kentucky authorities may limit potential probationary advantages he might otherwise receive there, but the temporary denial of a speedy trial is hardly a sound reason for Kentucky to dismiss the indictment.

Ordinarily, " * * * the constitutional right to a speedy trial is not violated by any delay occasioned by the fact that defendant is imprisoned in another jurisdiction." 21 Am.Jur.2d Criminal Law, Section 250, p. 285. We are not unmindful of recent U. S. Supreme Court decisions in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), where delays of six and seven years in affording trial were involved and, particularly in Dickey, where actual prejudice to the accused was apparent in the death of two of his witnesses, the unavailability of another and the loss of police records, all of which caused the court to decide that no valid reason for such delay existed.

In the case at bar we do not have enough information to justify interference with local authorities in the pursuance of their official functions. We do not know what the Kentucky indictment covers, when it was handed down by the grand jury, nor in what specific way the current delay in affording trial adversely affects the defense of the accused petitioner. The respondent and the Commonwealth attorney are presumably cognizant of the risks they run in not bringing the petitioner to trial, risks both of vitiating legal consequences and of the loss of evidence, but those are risks which they must balance in their sound discretion against the nature of the crime charged, the need of bringing the petitioner to trial promptly and other factors such as the condition of the trial docket. We see no abuse of discretion here, nor any apparent prejudice to the petitioner's rights.

The petition for mandamus is overruled.

It is so ordered.

All concur.